UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MEREDITH G. WOZNICZKA,**

        **Plaintiff,**

v.                                                                                       Case No: 6:20-cv-909-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____/

## ORDER[1]

Plaintiff, brings this action pursuant to subchapter II of the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIBs") under the Act. Plaintiff filed her claim for DIBs on June 5, 2017. (Doc. 21 at 1 (citing Tr. 201, 301–05).)[2] Upon review of the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, the Appeals

---

[1] On October 19, 2020, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 16.) Accordingly, the case was referred to the undersigned by an Order of Reference on October 20, 2020. (Doc. 18.)

[2] In 2017, the regulations changed regarding the weight of a treating source's medical opinion for claims filed after March 27, 2017 (the "Revised Regulations"). 20 C.F.R. § 404.1527(c) (2017). Plaintiff filed her claim on June 5, 2017, so the Revised Regulations apply.

Council's decision, the administrative record, and the pleadings and memorandum submitted by the parties (Docs. 17, 21), the Commissioner's final decision is due to be affirmed, pursuant to sentence four of 42 U.S.C. § 405(g).

## I.   ISSUES ON APPEAL

Plaintiff raises the following issues on judicial review:

A. The ALJ erred in determining that the opinion of Brian McGraw, D.O. (hereinafter, "Dr. McGraw's Opinion") was only "partially persuasive." (Doc. 21 at 13.)

B. The ALJ erred in determining that the opinion of Stuart A. Rubin, M.D. (hereinafter "Dr. Rubin's Opinion") was only "partially persuasive." (Doc. 21 at 25.)

## II.   STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is de novo." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III.   DISCUSSION

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform light work. . . except she can occasionally stoop, kneel, crouch, crawl[,] and climb ramps and stairs but never climb ladders, ropes, or scaffolds. [Plaintiff] can reach, including overhead, frequently with the left upper extremity and occasionally with the right upper extremity." (Tr. 30.) In making this determination, the ALJ found Drs. McGraw's and Rubin's Opinions only partially persuasive. (Tr. 35–36.) In light of the revised regulations, the Court finds that the ALJ's determination that Dr. McGraw's Opinion was partially persuasive is supported by substantial evidence. As for Dr. Rubin's Opinion, the Court finds that the ALJ misstated the record when articulating reasons why that opinion was only partially persuasive. However, this error was harmless because Plaintiff's RFC was just as restrictive as the limitations opined by Dr. Rubin.

### A. Dr. McGraw's Opinion

The ALJ said the following about Dr. McGraw's Opinion:

> In March 2017, Dr. McGraw opined the claimant could work full time with restrictions of no overhead lifting, pushing greater than 10 pounds with the upper extremity because of right shoulder impingement and possible rotator cuff tear. In April 2017, Dr. McGraw opined the claimant needed time to remain out of work to attend scheduled appointments and physical therapy. She is to stand and sit for 10 minutes every hour. On April 24, 2017, an unsigned letter noted the claimant should remain out of work so she might attend scheduled appointments and physical therapy. She would benefit from avoiding large crowds to avoid injury exacerbation while healing. The claimant was not to lift overhead, push, pull or lift greater than 10 pounds with

> right upper extremity. The undersigned finds these opinions partially persuasive. However, Dr. McGraw noted the claimant felt instant relief following the one injection he provided. The claimant's MRI of the right shoulder showed edema and was suspicious for a sprain, there was no rotator cuff tear, no fracture and no soft tissue mass. She did engage in physical therapy but she did not return to Dr. McGraw for any further right shoulder treatment. It is reasonable the claimant would require a short recovery period with the MRI showing a bruise and possible strain, but there is nothing revealing these should be permanent right shoulder restrictions.

(Tr. 36.)

Plaintiff argues that the ALJ's reasons for finding Dr. McGraw's Opinion "partially persuasive"—Plaintiff's relief from injections; the MRI results showing no rotator cuff tear, fracture, or soft tissue mass; and the ending/ceasing/stopping of treatment with Dr. McGraw—are unsupported by the record. (Doc. 21 at 14.) Plaintiff asserts this error resulted in the ALJ finding that Plaintiff has the RFC to perform light work, which she contends she cannot. (*Id.* at 14–15.) The aspect of "light work" Plaintiff argues Dr. McGraw's Opinion conflicts with is the ability to lift "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." (*Id.* at 14 (citing 20 C.F.R. § 404.1567(b)).)[3] In support of this purported

---

[3] "Light work" is defined as:

> [L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of

- 4 -

limitation, Plaintiff points to other portions of the record. (*Id.*) The Commissioner argues that the ALJ "reasonably found" that Dr. McGraw's Opinion was only partially persuasive, and revisiting this issue on judicial review is "ask[ing] this Court to reweigh the evidence or substitute its judgment for the ALJ's judgment." (*Id.* at 24 (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014)).)

Under the revised regulations, the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. §§ 1520c(a), 416.920c(a). Rather, the Commissioner must "consider" the "persuasiveness" of all medical opinions and prior administrative medical findings. *Id.* To that end, the Commissioner considers five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[4] 4) specialization and 5) other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c).

The most important of these factors are supportability and consistency, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(a), (b)(2).

---

        light work, you must have the ability to do substantially all
        of these activities.

20 C.F.R. § 404.1567(b).

[4] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v).

The ALJ may, but is not required to, explain how he or she considered the other factors (i.e., relationship with claimant, specialization, and "other factors"). *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. *Id.* §§ 404.1520c(b)(1); 416.920c(b)(1).

In affording partial weight to Dr. McGraw's Opinion, the ALJ found that the findings therein were not supported by or consistent with portions of the medical record. Namely, Plaintiff experienced relief from injections; the MRI results showed no rotator cuff tear, fracture, or soft tissue mass; and Plaintiff stopped treatment with Dr. McGraw. (Tr. 36.) However, as the Commissioner correctly asserts, "the issue is not whether an alternative decision can be supported by the record, but whether this decision is." *Taylor v. Comm'r of Soc. Sec.*, No. 6:13-cv-1598-Orl-DAB, 2014 WL 7273917, at *5 (M.D. Fla. Dec. 19, 2014).

The Court finds that the ALJ's analysis complies with the new regulations because the ALJ adequately articulated the reasons for finding lack of supportability and consistency in the record with Dr. McGraw's Opinion. *See Moberg v. Comm'r of Soc. Sec.*, No. 6:19-cv-891-Orl-LRH, 2020 WL 4936981, at *4 (M.D. Fla. Aug. 24, 2020) (finding that the administrative law judge complied with the new regulations when it articulated the various inconsistencies with the medical record and the

opinion); *B.M. v. Comm'r of Soc. Sec.*, No. 1:19-CV-57 (TQL), 2020 WL 5270019, at *3 (M.D. Ga. Sept. 4, 2020) (same).

### B. Dr. Rubin's Opinion

The ALJ summarized Dr. Rubin's Opinion as follows:

> Dr. Rubin opined the claimant could sit, stand/walk for 20 minutes at a time to eight-hours per day combined with the need to continuously move every five minutes to avoid pain with the need to lie down or recline several times per day. She could lift, carry, push, pull up to 10 pounds occasionally; never reach above shoulder level or below desk level. She can frequently reach at desk level, only when the right shoulder is in neutral position. Use of hands is unrestricted; and she should never twist, crawl or climb. As of January 13, 2017, the claimant could sit half hour at a time up to six hours per day; stand/walk half hour at a time for four hours per day. **She could lift up to 25 pounds occasionally and 10 pounds frequently**; the remainder of the R/L remain unchanged.

(Tr. 35) (emphasis added) (mistakes in original). Ultimately, the ALJ afforded partial weight to Dr. Rubin's Opinion, finding that it was not supported by the medical evidence in the record:

> The undersigned finds this opinion partially persuasive. Dr. Rubin noted the change in heavier lifting is related to [a] chiropractic note showing moderate to severe neck and upper mid back pain and trigger points. There is nothing suggesting that she had more severe muscle spasms prior to January 13, 2017 limiting the claimant to lifting 10 pounds. Additionally, treatment notes report 5/5 strength throughout. Dr. Rubin reported the claimant had no sensory deficits and no motor changes. There is nothing showing right shoulder capsulitis, she had left shoulder capsulitis. The claimant's right shoulder MRI was normal except some edema and suspicious for sprain. The undersigned finds the claimant can perform the range of

>light work activity with the noted limitations is consistent with the medical evidence of record as a whole.

(Tr. 35.)

The ALJ's findings that "nothing suggest[]s . . . more severe muscle spasms prior to January 13, 2017" and "nothing show[s] right shoulder capsulitis" is contrary to the evidence in the record, Plaintiff contends. (Doc. 21 at 28 (citing Tr. 35).) In support, Plaintiff points to Dr. Rubin's Opinion (Tr. 1099) and Dr. McGraw's treatment notes (Tr. 1358). (*Id.* at 27–29.) The Commissioner counters that because the ALJ articulated reasons why the medical record does not support Dr. Rubin's Opinion, the ALJ has met his burden under the revised regulations. (*Id.* 29.)

The undersigned agrees that the ALJ erred in finding that Plaintiff did not have severe muscle spasms prior to 2017, as Dr. Rubin reported that "[t]hroughout 2016, [Plaintiff] had significant spasms of the trapezius muscles, cervical paravertebral muscles, suboccipital muscles, and thoracic paravertebral muscles." (Tr. 1099.) The ALJ also erred in finding that all treatment notes provide Plaintiff has 5/5 strength— Dr. Rubin reported that Plaintiff had 4/5 strength throughout on March 7, 2017. (Tr. 1101.)

However, these errors were harmless. Performing light work requires lifting no more than *20 pounds* and frequent lifting of 10 pounds. 20 C.F.R. § 404.1567(b). Dr. Rubin opined that Plaintiff could lift *up to 25 pounds* occasionally and 10 pounds frequently. (Tr. 35.) Thus, any error in affording partial weight to Dr. Rubin's Opinion was harmless because the ALJ ultimately found that Plaintiff had an RFC that was

*more* restrictive than Dr. Rubin's Opinion.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is **ORDERED AND ADJUDGED** that:

1. The Commissioner's final decision in this case is **AFFIRMED**; and

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on August 4, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE